UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE TAYLOR,

    Plaintiff,

  v.

DANIEL YANISCH,

    Defendant.

Case No. C04-5465FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**JUNE 17th, 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). On March 29th, 2005 the court entered an order to show cause why this action should not be dismissed as it does not appear the complaint was served within 120 days of filing. There has been no response as of May 13th, 2005, (Dkt. # 10).

## FACTS

    The complaint in this action was filed October 21st, 2004. Plaintiff is not proceeding *in forma pauperis*, thus, plaintiff had the duty to serve the complaint. In March of 2005 plaintiff filed a motion that brought the case to the court's attention. (Dkt. # 9) . The motion was denied and plaintiff ordered to show cause why this action should not be dismissed as it does not appear the complaint was served within 120 days of filing. There has been no response.

ORDER - 1

DISCUSSION

Service of process.

Federal Rule of Civil Procedure 4 (d) (4) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

There is nothing in the record to show defendant Yanisch is aware of this action. At the beginning of this action the plaintiff asked that service be made by the U.S. Marshals Office. (Dkt. # 5). His motion was denied as the Marshals have no authority to serve papers for a plaintiff who is not proceeding *in forma pauperis*. (Dkt. # 8). Thus, plaintiff was fully aware that he needed to properly serve the named defendant in this action. He has placed before the Court no justification for not arraigning for proper service and has failed to response to a court order. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to serve pursuant to Fed. R. Civ. Pro. 4 (b) (4).

CONCLUSION

As plaintiff failed to properly serve the defendant and has not shown good cause for failure to

ORDER - 2

1   serve, the defendant is entitled to **DISMISSAL WITHOUT PREJUDICE**.

2       The clerk is directed to send a copy of this Report and Recommendation to plaintiff.  A
3   proposed order accompanies this Report and Recommendation.

4       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
5   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
6   R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
7   appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
8   72(b), the clerk is directed to set the matter for consideration on **June 17th, 2005**, as noted in the
9   caption.

10      DATED this 13th day of May, 2005.

11      */S/ J. Kelley Arnold*
        J. Kelley Arnold
12      United States Magistrate Judge

28  ORDER - 3